# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

MIKE W. PHELPS

    Debtor

BUDGET INSTALLMENT
CORPORATION,

    Plaintiff

v.

MIKE W. PHELPS,

    Defendant.

Case No. 07-11463-WRS
Chapter 7

Adv. Pro. No. 08-01005-WRS

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion for summary judgment filed by Plaintiff Budget Installment Corporation. (Docs 29 and 30). Debtor, appearing *pro se*, filed a letter that is deemed a response to the motion for summary judgment. (Doc 32) A hearing on the motion was held on April 15, 2009 at which BIC appear by counsel. The Debtor failed to timely appear for the hearing. For the reasons set forth below, the Court finds that there are no material facts in dispute and that Plaintiff Budget Installment Corporation ("BIC") is entitled to judgment as a matter of law establishing the indebtedness of Debtor, Mike W. Phelps in the amount of $173,285.10 is nondischargeable pursuant to 11 U.S.C. § 523(a)(4).

## I. FACTS

Prior to filing bankruptcy, the Debtor, doing business as Phelps Insurance Agency, acted as a broker on behalf of Defendant, BIC. In this capacity, the Debtor was a fiduciary of BIC serving as an intermediary between BIC and its customers and the insurance companies that

provided coverage to BIC customers. The Debtor received funds from at least three sources: BIC, BIC's customers and Insurance Companies that provided coverage to BIC customers. The Debtor's function was to remit these funds to the appropriate party, either BIC, BIC's customers or the Insurance Companies.

BIC has proffered evidence showing that the Debtor failed to remit payments to BIC, BIC's customers and the Insurance Companies received in his fiduciary capacity. The Debtor admitted "that some funds received from BIC and paid to Phelps Insurance were not remitted to the proper insurance carrier(s)." BIC establishes the elements the Debtor's liability under § 523(a)(4), which the Debtor does not dispute and this Courts adopts.

## II. LAW

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). For this reason, this Court may enter a final decision.

This Adversary Proceeding is before the Court on the Plaintiff's motion for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed . R. Civ. P., 56(c) made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056. "In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1023 (11th Cir. 2000).

Section 523(a)(4) of the Bankruptcy Code provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of
this title does not discharge an individual debtor from any debt-

2

> \* \* \*
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

11 U.S.C. § 523(a)(4). A debt is nondischargeable based on defalcation if the creditor proves three elements: (1) the debtor stood in a fiduciary relationship with the creditor; (2) the fiduciary relationship existed prior to the creation of the debt; and (3) the debt resulted from an act of defalcation. Quaif v. Johnson, 4 F.3d 950, 953-55 (11th Cir. 1993). To qualify under § 523(a)(4), "the finding of a fiduciary relationship requires proof of an express or technical trust." In re Codias, 78 B.R. at 346. The Eleventh Circuit holds that "[d]efalcation refers to a failure to produce funds entrusted to a fiduciary." Guerra v. Fernandez-Rocha (In re Fernandez-Rocha), 451 F.3d 813, 817 (11th Cir.2006). While not defined in the Bankruptcy Code, courts have interpreted defalcation to include even "the slightest misconduct, negligence or ignorance and it does not require intentional conduct." In re Millen, 91 B.R. 175 (Bankr.S.D.Fla.1988).

In Quaif, fiduciary obligation of a Chapter 7 debtor insurance agent to the insurer for which debtor's corporation collected premiums was established by, *inter alia*, a contract between insurer and corporation warranting that debtor was licensed insurance agent. Quaif, 4 F.3d at 955. The debtor insurance agent's failure to remit the premiums to insurer constituted "defalcation" within meaning of discharge exception for defalcation by fiduciaries. Id.

In the instant case, the fiduciary relationship was created by the Debtor's execution of contracts wherein the Debtor agreed to act as an agent of BIC. The "Agents Agreement" found in each one of the thirty-five contracts in question requires the Debtor to account for and remit premiums received under each contract. The Debtor's fiduciary obligation arose before the Debtor's alleged failure to remit premiums which create the debt BIC seeks to be excepted from discharge. The funds at issue were entrusted to the Debtor through payments by BIC, its

3

customers or the insurance companies. The Debtor admits that "some of the funds received from BIC and paid to Phelps Insurance were not remitted to the proper insurance carrier(s)." Pl. Ex. 3. This failure to produce funds entrusted to him as a fiduciary constitutes defalcation.

The only issue the Debtor contests is the amount of debt that is to be excepted from discharge. The burden is on the Debtor, as a fiduciary, to account for all entrusted funds and failure to do so may be considered in establishing the amount of the debt owed as nondischargeable. In re Palma, 341 B.R. 194, 198 (Bankr. W.D. Ky. 2006) (where the court considered the debtor's failure to account for entrusted funds in determining the amount of nondischargeable debt). BIC has proffered copies of thirty-five contracts executed by the Debtor under which BIC alleges the Debtor failed to remit $173,285.10 to the intended recipient. The Debtor argues that "[o]nly a select few agreements were not funded to the carrier, not all of them as Budget alleges." Having admitted that he failed to remit "some of the funds", the Debtor does not specify under which, if any, of the thirty-five contracts he failed to make payment. Instead the Debtor only generally disputes the amount provided by BIC as inaccurate. Such a contention is too general to create a genuine issue of trialable fact. For this reason the Debtor's indebtedness in the amount of $173,285.10 to BIC is NONDISCHARGEABLE as pursuant to 11 U.S.C. § 523(a)(4).

### III. CONCLUSION

Having carefully reviewed the record, the Court finds that there are no material facts in dispute. Debtor admitted he failed to remit funds while acting as a fiduciary of BIC which constitutes defalcation under 11 U.S.C. § 523(a)(4). BIC is entitled to judgment as a matter of law. Therefore, the motion for summary judgment filed by the Plaintiff is GRANTED and the

Defendant's indebtedness is deemed NONDISCHARGEABLE. Costs are awarded in the amount of $150.00, pursuant to Bankruptcy Rule 7054(b).

The Court will enter a separate order in accordance with Rule 9021, Fed. R. Bankr. P.

Done this 3rd day of June, 2009.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: E. Russell March, III, Attorney for Plaintiff
Mike W. Phelps, *pro se*